**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THOMAS WAYNE SUTHERLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-05-1199-T |
| | ) | |
| RANDY RICHARDSON,  Logan County | ) | |
| Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee[1] appearing *pro se*, brings this action pursuant to 42 U.S.C.

§ 1983 alleging violations of his constitutional rights.  Judge Thompson has referred this

matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  The civil

rights Complaint submitted by Plaintiff has been examined, and because the Complaint fails

to state a claim upon which relief may be granted, it is recommended that this action be

dismissed. *See* 28 U.S.C. § 1915A.

**Background and Claims Presented**

Plaintiff challenges as unconstitutional numerous conditions of his confinement in the

Logan County Jail as well as certain practices of Defendant Richardson and his staff.

---

[1]Plaintiff has not specified that he is a  pretrial detainee.  A review of the docket sheet in the District Court In and For Logan County, Oklahoma, Case No. CF-2005-137, reveals, however, that several felony counts are pending against Plaintiff.  Plaintiff was arraigned on May 26, 2005, and bond was set.  The case is scheduled for trial on December 2, 2005.  The docket sheet may be accessed at www.oscn.net.  As discussed in further detail below, however, Plaintiff's status, be it as pretrial detainee or convicted prisoner, does not change the analysis of the issues presented in his Complaint.

**Count I:**  Plaintiff states that jail officials often open legal mail outside the presence of the inmate to whom the mail is addressed, that they open all outgoing mail, and that they sometimes shred outgoing mail or hand it over to the district attorney.

**Count II:**  Plaintiff states that mold grows in every corner, especially on shower curtains, that there are insects and rodents in the jail, and that one of his fellow inmates, Jerry Lee Handley, was bitten by a fiddle back spider.

**Count III:**  Plaintiff challenges the medical care afforded inmates.  He states that when medications run out, prescriptions are not refilled.

**Count IV:**  Plaintiff states that inmates have no access to a law library or law books.

**Count V:**  Plaintiff states that fellow inmates, Scott Welch, Michael Haskins, and Michael Conroy, have been incarcerated in the jail for up to two years without access to sunlight.

**Count VI:**  Plaintiff states that the jail is in violation of the space requirements per inmate.

**Count VII:**  Plaintiff states that the jail is in violation of supervision guidelines, leading to a "jungle environment" and many serious injuries.

**Count VIII:** Plaintiff alleges that Defendant Richardson violates "numerous other guidelines, laws and regulations" upon which Plaintiff cannot elaborate because he has no access to law books.

**Count IX:**  Plaintiff alleges that Defendant Richardson violates guidelines regarding separation of inmates who should be in protective custody resulting in injuries.  Plaintiff states that one inmate, Robert Fulbright, suffered an injury because of Defendant's violation of such guidelines.

**Count X:**  Plaintiff states that the ninety-year-old jail is not structurally sound.

**Count XI:** Plaintiff states that lead-based paint peels of the walls and falls into food and on sleeping inmates.

## Standard of Review

This Court is under an obligation to review, as soon as practicable, a complaint filed by a prisoner seeking redress from a governmental entity, officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must "identify cognizable claims" and shall dismiss the complaint, or any portion thereof, which "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1)-(2).

To state a § 1983 claim, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48

(1988).  This Court must construe pleadings by a *pro se* party  liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but this Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kansas Dept. of Corrections*  165 F.3d 803, 806 (10th Cir. 1999).  In determining whether dismissal is proper, the Court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.  *Id.*

## Analysis

Plaintiff's Complaint is deficient in several respects.  First, Plaintiff does not allege that he, himself, has suffered any injury resulting from the allegedly unconstitutional conditions or practices of which he complains.  Counts II, V, and IX assert complaints on behalf of other inmates. "A litigant may bring his own claims to federal court without counsel, but not the claims of others."  *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).  Plaintiff cannot represent other inmates in this suit.  It is therefore recommended that Counts II, V, and IX be dismissed.

Liberally construed, the claims in Counts I, IV and VIII implicate the constitutional right to access the courts.  "[T]he fundamental constitutional right of access to the courts

requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  As the Court has made clear, detainees are entitled to meaningful, but not total or unlimited, access to the courts.  *Id.* at 823.  Moreover, an inmate's contentions of deprivation of access to courts must show actual injury, not mere deprivation, as a "constitutional prerequisite" to bringing a claim.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  *See also Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1107 (10th Cir. 2005).

Additionally, the right to access the courts prohibits prison officials from affirmatively hindering a prisoner's efforts to construct a nonfrivolous appeal or claim, including the improper destruction of a prisoner's legal materials.  *Green v. Johnson*, 977 F.2d 1383, 1389-90 (10th Cir. 1992).  To state a valid claim in this context, however, a prisoner must still demonstrate an actual injury that "hindered his efforts to pursue a legal claim."  *Lewis*, 518 U.S. at 351.  Plaintiff has not alleged any injury that hindered his efforts to pursue a legal claim against Defendant or his staff.  Plaintiff has not alleged that his personal legal mail has been opened outside his presence or that his own letters have been shredded or sent to the district attorney.  Moreover, isolated incidents of opening constitutionally protected legal mail "without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts" do not support a civil rights claim. *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990).  Neither has Plaintiff alleged that he has been hindered from pursuing a legal claim by the lack of access to legal materials.  Rather, in Count VIII, Plaintiff suggests that if he had access to law books, he might be able discover

5

more ways in which Defendant is violating "guidelines, laws and regulations."  Plaintiff's

right to access the courts does not encompass the right to engage in a fishing expedition in

an attempt to fashion claims of violations of guidelines, laws and regulations.  *Cf. Lesley v.*

*Whetsel*, 110 Fed. Appx.  851, 853 (Sep. 30, 2004) (court did not err in refusing to allow

prisoner to go on a fishing expedition for deficient policies) (unpublished op.)[2]  Moreover,

Plaintiff would have personal knowledge of any facts which might support a claim of a

constitutional violation, and he does not need access to legal materials to assert those facts

on his own behalf.

In Counts III, VI, VII, X and XI, Plaintiff challenges various conditions of his

confinement including medical care for inmates, space limitations, and supervision of

inmates.  Additionally, Plaintiff contends that the structural integrity of the jail is in question

and that prisoners are exposed to lead-based paint.

The Eighth Amendment of the United States Constitution, prohibiting cruel and

unusual punishment, applies only to persons who are imprisoned as a result of a conviction.

*See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).  Because

Plaintiff is a pretrial detainee, his claims technically are for violation of his substantive due

process rights.  *See Peoples v. CCA Detention Centers*, 422 F.3d at 1094 n.1 (*citing  Lopez*

*v. LeMaster*, 172 F.3d 756, 759 n. 2 (10th Cir.1999)).  "In determining whether [a pretrial

detainee's] rights were violated, however, we apply an analysis identical to that applied in

---

[2]Unpublished opinions are cited for their persuasive value pursuant to Tenth Circuit Rule 36.3.

Eighth Amendment cases . . . ." *Id.* (internal quotation and citation omitted).  Therefore, the

Eighth Amendment will be referenced in the analysis of Plaintiff's allegations concerning

the conditions of his confinement.

This Court must measure Plaintiff's allegations against prison officials' Eighth

Amendment duty to maintain "humane conditions of confinement," including "adequate

food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825 (1994).  A

plaintiff claiming a violation of the Eighth Amendment must satisfy both an objective test

(whether the conditions can be considered cruel and unusual) and a subjective test (whether

the defendant acted with a culpable state of mind).  *Wilson v. Seiter*, 501 U.S. 294, 298

(1991).

The objective component of the Eighth Amendment test requires allegations that an

inmate was deprived of "the minimal civilized measure of life's necessities." *Rhodes v.*

*Chapman*, 452 U.S. 337, 347 (1981)."'Mere inactivity, lack of companionship and a low

level of intellectual stimulation do not constitute cruel and unusual punishment.'" *Hill v.*

*Pugh*, 75 Fed. Appx. 715, 720-721 (10th Cir. Sept. 11, 2003) (unpublished op.) (quoting

*Caldwell v. Miller*, 790 F.2d 589, 600-01 n. 16 (7th Cir. 1986) (internal quotation and citation

omitted)).  As to Eighth Amendment claims based on the medical care a prisoner has

received, a prisoner must show that a prison official has been deliberately indifferent to a

serious medical need.  As with all Eighth Amendment claims, "deliberate indifference" has

an objective and subjective component. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir.

2000).  The objective element is fulfilled if the medical need "has been diagnosed by a

physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quotation omitted). "The subjective component is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Sealock*, 218 F.3d at 1209 (*quoting Farmer v. Brennan*, 511 U.S. at 837).

None of Plaintiff's allegations concerning the conditions of confinement in the Logan County Jail constitutes deprivation of the minimal civilized measure of life's necessities. Plaintiff has asserted no injury which he has sustained from exposure to mold, rodents, insects, lead paint, or structural weakness of the jail. He has specified neither the amount of space allotted to each prisoner nor the amount of space which should be allotted to each prisoner and has claimed no injury arising from the allegedly limited space. He has not stated that he has been injured because of lack of supervision or the need to be placed in protective custody. Finally, Plaintiff has not alleged that he suffers from a serious medical condition, much less that Defendant Richardson has been deliberately indifferent to it. In fact, Plaintiff has not alleged that Defendant Richardson has deliberately created or perpetuated any of the alleged unconstitutional conditions in the jail. Plaintiff's allegations are not sufficient to satisfy either the objective test or the subjective test necessary to state a claim of an Eighth Amendment violation.

In short, Plaintiff has failed to state a claim upon which relief may be granted, and his action should be dismissed.

## RECOMMENDATION

It is recommended that this action be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by December __12th__, 2005. *See* LCvR72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __21st__ day of November, 2005.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE