IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS WAYNE SUTHERLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-05-1199-T |
| ) | |
| ) | |
| RANDY RICHARDSON, Logan County ) | |
| Sheriff, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff, a pretrial detainee appearing *pro se* and *in forma pauperis,* brought this action pursuant to 42 U.S.C. §1983; he alleges that defendant has violated his constitutional rights. In accordance with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Valerie K. Couch for initial proceedings.

On November 21, 2005, the magistrate judge filed a Report and Recommendation [Doc. No. 13] in which she recommended that the action be dismissed upon filing. As required by 28 U.S.C. §1915(e)(2), the magistrate judge reviewed the complaint; upon review, she concluded that the complaint fails to state a claim upon which relief may be granted and is frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(I) and (ii). Because plaintiff timely filed an objection to the Report and Recommendation, the matter is reviewed *de novo.*

Plaintiff alleges that he has been subjected to constitutional violations while confined in the Logan County jail, where he has been a pretrial detainee for approximately seven months. In his complaint, he lists eleven counts in which he complains about the physical conditions at the jail as well as an alleged lack of access to legal materials and failure to maintain the confidentiality of the

inmates' legal mail.

As the magistrate judge noted in the Report and Recommendation, the court is obligated to review, as soon as practicable, a complaint filed by a prisoner seeking redress from a governmental entity. 28 U. S. C. § 1915A(e). The court must dismiss a complaint, or any portion thereof, which fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U. S. C. § 1915A(b)(1)-(2).

Applying this requirement, the magistrate judge recommended that the complaint be dismissed for several reasons. Having fully reviewed the file and having considered plaintiff's objections, the court concludes that the magistrate judge's decision is correct.

To state a claim for relief based on a violation of constitutional rights pursuant to 42 U. S. C. § 1983, plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Although a *pro se* plaintiff's pleadings must be construed liberally, the court will not supply additional facts not alleged or construct a legal theory on plaintiff's behalf. Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In this case, the magistrate judge noted that Counts II, IV, and IX of the complaint assert claims on behalf of other inmates. A *pro se* plaintiff may assert claims alleging the violation of his rights, but cannot assert claims on behalf of other individuals. Fymbo v. State Farm & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000). Therefore, these counts must be dismissed.

In Counts I, IV and VII, plaintiff alleges that the Logan County jail does not have adequate legal research materials. He also alleges that jail officials open inmate mail and that inmates' mail

has been shredded.

Liberally construing these allegations, plaintiff has attempted to allege a denial of his Sixth Amendment right to access the courts. To state a claim for relief on this basis, plaintiff must allege actual injury, not mere deprivation; furthermore, pretrial detainees are not constitutionally guaranteed total or unlimited access. *See* Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 823 (1977). The right to access the courts prohibits an official from improperly destroying the legal materials of an inmate who is pursuing a nonfrivolous claim or appeal. Green v. Johnson, 977 F.2d 1383, 1389-90 (10th Cir. 1992). To state a claim for relief on this basis, however, an inmate must demonstrate an actual injury that hindered his efforts to pursue a legal claim. Lewis, 518 U.S. at 351.

As the magistrate judge noted, plaintiff in this case has not alleged any injury that hindered his efforts to pursue a legal claim. He has, in fact, filed this complaint. Neither has he alleged that his personal mail has been opened or destroyed . Even if such incidents had occurred, there is no allegation of improper motive or resulting interference with plaintiff's right to counsel or access to the courts, and such evidence is required to support a claim. Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). Plaintiff has not alleged such interference or hindrance, but alleges only that, if he could access law books, he might discover a basis for other claims against the defendant. As the magistrate judge concluded, such allegations are insufficient as a matter of law.

In his objection to the Report and Recommendation, plaintiff argues that his attempts to conduct legal research are not merely a "fishing expedition." He also now, for the first time, contends that his own legal mail has been shredded. However, his allegations in the complaint cannot be amended by the objection; further, he cannot be permitted to attempt to change those

allegations by arguing that facts not alleged in the complaint should now be added to avoid dismissal.

In Counts III, VI, VII, X and XI, plaintiff complains about the conditions of confinement at the jail, including improper medical care, space limitations, exposure to lead-based paint, structural deficiencies in the jail building, and improper supervision of inmates. Although such allegations, when liberally construed, imply an attempt to argue cruel and unusual punishment in violation of the Eighth Amendment, that constitutional protection does not apply to pretrial detainees but only to those imprisoned following conviction. Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1188 (10th Cir. 2003). When such claims are asserted by a pretrial detainee, however, an Eighth Amendment analysis is applied. Peoples v. CCA Detention Centers, 442 F.3d 1090, 1094 n. 1 (10th Cir. 2005).

To state a claim based on the Eighth Amendment, plaintiff must allege facts to show both an objective and subjective component; the objective test requires that the conditions can be considered cruel and unusual, while the subjective test requires a showing that the defendant acted with a culpable state of mind. Wilson v.Seiter, 501 U.S. 294, 298 (1991). To show that conditions are cruel and unusual, plaintiff must plead facts that allege he was deprived of "the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Where an Eighth Amendment violation is based on a lack of medical care, the plaintiff must allege facts to show that the prison officials were deliberately indifferent to his serious medical need. Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). To do so, he must allege that the medical need has been diagnosed by a physician as requiring treatment or be so obvious that even a lay person would easily recognize the necessity for medical attention; he must also allege facts to show that a prison official

knew of and disregarded an excessive risk to inmate health or safety.  *See* <u>Hunt v. Uphoff</u>, 199 F.3d 1220, 1224 (10th Cir. 1999); <u>Sealock</u>, 218 F.3d at 1209.

The magistrate judge carefully reviewed plaintiff's allegations in this case, and concluded that they are insufficient to state a claim for relief based on medical care or other conditions at the jail.  *See* Report and Recommendation, pages 8-9.  Having also reviewed the allegations in detail, the court agrees.  Plaintiff's allegations do not satisfy the standards for claims based on a deprivation of medical care or other conditions of his confinement.

Having fully reviewed the matter *de novo*, the court concludes that the recommendation of the magistrate judge should be adopted in its entirety.  Plaintiff's objections do not offer persuasive authority to the contrary.  Accordingly, the Report and Recommendation [Doc. No. 13] is adopted, and this action is dismissed upon filing.

IT IS SO ORDERED this  28th  day of December, 2005.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE